[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 24, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-11769
Non-Argument Calendar

_____

D. C. Docket No. 04-00467-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ILDER ALEXANDER CIFUENTES-PRADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Ilder Alexander Cifuentes-Prado appeals his concurrent 135-month

sentences for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of 46 U.S.C. App. § 1903(g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm.

## I. BACKGROUND

The United States Coast Guard ("USCG") observed a fishing vessel, the San Jose, in the eastern Pacific Ocean, that was riding low in the water and was not engaged in fishing activities. USCG personnel boarded the San Jose and detained its Colombian captain and seven Colombian crew members, including Cifuentes-Prado, who served as the vessel's mechanic. During a search of the vessel, USCG personnel located several discolored tiles under the lower bunks in the berthing compartments. After removing the tiles, they discovered 525 bales of cocaine, weighing a total of 10,500 kilograms.

Cifuentes-Prado pled guilty to both counts. The presentence investigation report ("PSI") assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1), based on the amount of drugs (150 kilograms or more of cocaine) that Cifuentes-Prado had possessed and conspired to distribute. The PSI recommended a two-

2

level reduction under U.S.S.G. § 2D1.1(b)(7) for meeting the criteria for the guidelines safety valve and a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Based on a total offense level of 33 and a criminal history category I, the PSI recommended a guidelines imprisonment range of 135 to 168 months. Cifuentes-Prado objected, claiming that he was entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2.

At sentencing, Cifuentes-Prado renewed his request for a mitigating-role reduction. The district court denied the request, noting (1) the "substantial" amount of cocaine involved in the offense, and (2) Cifuentes-Prado's essential role in the conspiracy as the ship's mechanic.

The district court then asked the parties to provide statements regarding the appropriate sentence. Cifuentes-Prado, citing 18 U.S.C. § 3553(a)'s factors, noted that other district courts had granted role reductions in other mariner cases and sentenced defendants to between 46 and 57 months' imprisonment. He also contended that a sentence within the guidelines range would be harsh given that Cifuentes-Prado did not have a prior record, committed the crime out of economic necessity, had no idea the drugs were going to the United States, and was not paid a commission based upon the sale of the drugs. The government responded that a sentence of 135 months would be reasonable given that the majority of the

3

similarly-situated codefendants had been sentenced to 135 months' imprisonment and Cifuentes-Prado had admitted that he had participated in more than six other trips on the vessel.

The district court noted that it had already sentenced two codefendants to 135 months' imprisonment and that a 135-month sentence might not be "harsh enough . . . to afford adequate deterrence to criminal conduct." The court then found the advisory guidelines range reasonable and sentenced Cifuentes-Prado to two concurrent sentences of 135 months' imprisonment, at the low end of the guidelines range. Cifuentes renewed his objections and argued that the sentences were unreasonable. This appeal followed.

## II. DISCUSSION

### A. Mitigating-role Reduction

Cifuentes-Prado argues that the district court erred by failing to grant him a mitigating-role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to

4

him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 943-44. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing to grant Cifuentes-Prado a role reduction. Under the first prong of De Varon, the district court held Cifuentes-Prado accountable for only the 10,500 kilograms of cocaine found on the San Jose on this particular trip. See id. at 942-43. As to the second prong of De Varon, the evidence regarding Cifuentes-Prado's culpability indicates that he was at least as culpable as his codefendants. Additionally, as noted by the district court, as the ship's mechanic, Cifuentes-Prado was essential to the success of the conspiracy. Cifuentes-Prado argument that his role was minor because he was not one of the owners, distributors or dealers of the drugs who were involved in many drug shipments is unavailing as a defendant may not point to the broader drug conspiracy for which he was not held accountable to prove he is entitled to a role reduction. Id. at 941.

**B.    Jurisdiction over Reasonableness**

Because Cifuentes-Prado's sentences were within the correctly-calculated guidelines range, the government contends that this Court lacks jurisdiction under 18 U.S.C. § 3742 to review the reasonableness of Cifuentes-Prado's sentences. We disagree.

First, post-Booker, this Court repeatedly has reviewed sentences within the guidelines range for unreasonableness. See, e.g., United States v. Talley, ___ F.3d ___, No. 05-11353, 2005 WL 3235409, at *3-4 (11th Cir. Dec. 2, 2005); United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Second, although Booker excised the standards of review in 18 U.S.C. § 3742(e), the Supreme Court explained that "the [Federal Sentencing] Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))," and cited 18 U.S.C. § 3742(a).[1] United States v. Booker, 543 U.S. 220, ___, 125 S. Ct.

_____

[1]Specifically, § 3742(a) provides a defendant may appeal his sentence if that sentence:
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing

6

738, 765 (2005) (instructing appellate courts to review a sentence for "unreasonableness" in light of the factors set forth in § 3553(a)).

Although the Supreme Court in Booker did not identify which provision of § 3742(a) provided for appeals for "unreasonableness," we conclude that a post-Booker appeal based on the "unreasonableness" of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1).  See United States v. Frokjer, 415 F.3d 865, 875 & n.3 (8th Cir. 2005) (holding that Booker did not alter the rule that a district court's discretionary decision not to depart downward is unreviewable, but noting that, after Booker, the court will "review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)") (citation omitted).  Thus, this Court has jurisdiction under § 3742(a)(1) to review sentences for unreasonableness.

## C.     Booker Reasonableness

Having determined that we have jurisdiction, we now consider Cifuentes-Prado's reasonableness challenge to his sentences.  To do so, we review Cifuentes-

guideline and is plainly unreasonable.
18 U.S.C. § 3742(a).

Prado's final sentences, in their entirety, for unreasonableness in light of the factors in § 3553(a). See Winingear, 422 F.3d at 1245 ("We do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness.").

We conclude that Cifuentes-Prado's 135-month concurrent sentences were not unreasonable. First, the 135-month sentences were at the low end of the guidelines range and far below the statutory maximum sentence of life imprisonment. In addition, the district court's deliberations reflect consideration of several § 3553(a) factors, apart from the guidelines range, including the nature and circumstances of the offense, the history and characteristics of Cifuentes-Prado, the need to afford adequate deterrence to the criminal conduct and the fact that the district court had already sentenced two of Cifuentes-Prado's codefendants to 135-month sentences.

For all of these reasons, we affirm Cifuentes-Prado's 135-month sentences.

**AFFIRMED**.